**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-00451 |
| | ) | |
| | ) | |
| CITY OF NORMANDY, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STIPULATED PROTECTIVE ORDER

Upon review of the Parties' Joint Motion for Protective Order and the proposed Protective Order, the Court **GRANTS** the Parties' Joint Motion, doc. [26], and orders as follows:

1. **Scope.** All materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. As there is a presumption in favor of open and public judicial proceedings in this state, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or

1

employment records. Information or documents that are available to the public may not be designated as Confidential Information. The inclusion of certain categories of documents in this Order shall not be used as a basis to argue the discoverability of these documents.

3. **Designation.**

    a) **Documents**: A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Order.

    b) **Deposition Testimony**: A party may designate deposition testimony as Confidential Information by advising opposing counsel in writing within thirty days after receipt of the deposition transcript, or at such other time mutually agreed upon by the parties, of the pages and lines of the deposition that the designating party requires to be treated as confidential. Any party may, on the record at the deposition, designate deposition testimony as Confidential Information by advising all persons present that the party believes that portion of the deposition in question falls under the scope of this Order.

4. **Protection of Confidential Material.**

    a) **Limited Third-Party Disclosures**. The parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or

entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

i. Counsel for the parties and employees of counsel;

ii. The parties to this litigation, including any employees, agents, and representatives of the parties;

iii. The Court, jury, and Court personnel, including any Special Master appointed by the Court;

iv. Court reporters, recorders, and videographers engaged for depositions;

v. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

vi. Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert has been informed that certain documents marked Confidential are subject to a protective order;

vii. Potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

viii. The author or recipient of the document (not including a person who received the document in the course of the litigation);

ix. Mediator appointed by the Court or jointly selected by the parties;

x. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    b) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "CONFIDENTIAL." Counsel for the parties must inform those who have reviewed or been given access to the documents that certain documents designated as "CONFIDENTIAL" are subject to a protective order.

5. **Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as "CONFIDENTIAL" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure.

6. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request.

7. **Filing of Confidential Information**. In the event a party seeks to file a document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the

consent of the party who designated the document as confidential; (b) where appropriate, submitting the document for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by following all requirements of Local Rule 13.05. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

8. **No Greater Protection.** Except on privilege grounds, no party may withhold information from discovery on the ground it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges to Confidential Designation**. The designation of any material or document as "CONFIDENTIAL" is subject to challenge by any party. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

10. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall affect the use of any document, material, or information at any trial or hearing, subject to the terms and conditions as imposed by the Trial Court. This Order does not restrict or limit the use of any Confidential Information at a hearing or trial. The parties do not waive the right to object at trial to the admissibility of any materials or portions thereof. The parties also do not waive the right to file a motion *in limine* regarding the use at trial of any materials or portions thereof.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.
    a) If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as

5

  Confidential Information, the receiving party must so notify the designating party in writing prior to disclosure.

12. **Obligations at Conclusion of Litigation**.

  a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  b) **Return of Confidential Documents**. After this matter concludes by settlement, final judgment, or final order, including all appeals, and only upon request of the producing party, any document containing Confidential Information, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) the document bears notations, summations, or other mental impressions of the receiving party. However, legal counsel for a party may confidentially maintain one copy of Confidential Information after final resolution of this matter as is necessary to fulfill legal counsel's ethical obligation under the rules of professional conduct.

  c) **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided its use does not disclose or use Confidential Information.

13. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

14. **Applicability to Parties Later Joined**. If additional parties join this lawsuit, they must not be given access to Confidential Information unless they execute and file with the Court their written agreement to be bound by this Order.

15. **Jurisdiction**. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

*So ordered.*

_____
**MATTHEW T. SCHELP**
**UNITED STATES DISTRICT JUDGE**